**DICKINSON WRIGHT PLLC**
STEVEN A. CALOIARO
Nevada Bar No. 12344
BROOKS T. WESTERGARD
Nevada Bar No. 14300
scaloiaro@dickinsonwright.com
bwestergard@dickinsonwright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel.: (775) 343-7500
Fax: (844) 670-6009

*Attorneys for Plaintiff*
*SATA GmbH & Co. KG*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SATA GmbH & Co. KG, a German Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZHEJIANG RONGPENG AIR TOOLS CO., LTD dba AEROPRO, a foreign entity<br><br>Defendant. | CASE NO.: 2:18-cv-02088-GMN-GWF<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER** |

Plaintiff SATA GmbH & Co. KG ("SATA") has moved *ex parte* for a Temporary Restraining Order, Seizure Order and a Preliminary Injunction, pursuant to Trademark Act, 15 U.S.C. § 1116(d); Federal Rules of Civil Procedure ("FRCP") 64 and 65; and Local Rule ("LR") 7-4 to enjoin Defendant ZHEJIANG RONGPENG AIR TOOLS CO., LTD dba AEROPRO ("Rongpeng") from marketing, selling, or attempting to sell products that infringe SATA's U.S. Trademark No. 4,920,511 ("2000"), U.S. Trademark Registration No. 4,666,773 ("4000"), and U.S. Trademark Registration No. 4,731,525 ("5000") (collectively "SATA Marks"); in particular to enjoin Rongpeng from taking steps to market and sell infringing products at the 2018 SEMA Trade Show beginning on October 30, 2018 at the Las Vegas Convention Center.

The Court, having considered the Verified Complaint, Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), the Declaration and exhibits submitted therewith, finds and concludes as follows:

1. SATA alleges in its Verified Complaint that Rongpeng intends to sell products at the 2018 SEMA Show that infringe SATA's Marks.

2. In support of its Motion, SATA has alleged and offered testimony by way of the Verified Complaint, Declaration of Dr. Till Pfleiderer, that Rongpeng is actively using designations that are identical with, or substantially indistinguishable from, the SATA Marks on identical goods – paint spray guns. These products include Defendant's R4000 AEROPRO HVLP Spray Gun, R5000 AEROPRO LVMP Spray Gun, and H2000 HVLP Spray Gun ("Infringing Products").

3. Rongpeng is a Chinese entity with no business units or establishments in the United States. Therefore, it would be extraordinarily difficult for SATA to be able to recover its damages against Rongpeng for future sales, or seek relief from the harm being done to its goodwill.

4. In light of the foregoing, the Court concludes that SATA is likely to succeed in showing that Rongpeng has infringed and continues to infringe SATA's Marks.

5. Further, using designations that are identical with, or substantially indistinguishable from, the SATA Marks on identical goods – paint spray guns – will cause immediate and irreparable harm to SATA in the form of loss of income, loss of goodwill, a dilution and lessening of the value of SATA Marks, and will interfere with SATA' ability to exploit the SATA Marks if a Temporary Restraining Order is not entered.

6. The harm to SATA outweighs any harm to the legitimate interests of Rongpeng, and a temporary restraining order will preserve the status quo where SATA's intellectual property rights are intact.

7. The public interest weighs in favor of preventing trademark infringement and protecting intellectual property rights.

**TEMPORARY RESTRAINING ORDER**

IT IS THEREFORE ORDERED that, pending a decision by the Court on SATA's motion for preliminary injunction, Defendant Rongpeng, its affiliates, parents, subsidiaries, agents, servants, employees, distributors, independent contractors, attorneys, and any persons or entities acting in concert with it, including AEROPRO, are hereby, immediately and temporarily restrained from using the SATA Marks in connection with the manufacturing, advertising, promoting, importing into, and selling in the United States the Infringing Products at the 2018 SEMA show in Las Vegas, Nevada from October 30- November 2, 2018.

IT IS FURTHER ORDERED THAT Defendant Rongpeng is hereby prohibited from selling, advertising, soliciting the sale of, or otherwise engaging in the sale or prospective sale of the Infringing Products to preserve the status quo until a hearing can be held for a preliminary injunction.

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for __11/13/18__ 2018, at __8:30 a__.m. Rongpeng shall file and serve any opposition to SATA's motion for a preliminary injunction on or before __November 7__, 2018. SATA must file its reply by __November 9__, 2018.

IT IS FURTHER ORDERED THAT security pursuant to Rule 65 of the Federal Rules of Civil procedure be posted no later than three business days after entry of this Order in the amount of $1,000.00.

///

///

///

///

**SEIZURE AND IMPOUNDMENT ORDER**

IT IS FURTHER ORDERED THAT the United States Marshal for this District and all other Districts within the geographic confines of the United States of America, and/or any federal or state, county or local law enforcement authorities, or Nevada licensed private investigator in this District and all other Districts within the geographic confines of the United States of America or its protectorates (the "Marshal"), assisted by one or more attorneys or representatives of SATA, is hereby authorized and directed to seize, impound, and deliver to SATA or its representatives any and all Infringing Products, as well as advertising or marketing materials for the same and any means for making the same; the books and records (including computer tapes or disks) relating thereto; and the containers in which the same are held or transported, which Rongpeng sells, attempts to sell, or holds for sale within the geographic confines of the United States, from the date this Order is signed until midnight on, __November 15__, 2018.

IT IS FURTHER ORDERED THAT the Marshal, assisted by one or more attorneys or representatives of SATA, is hereby authorized to seize and impound all infringing products, as well as advertising or marketing materials for the same and any means for making the same; the books and records (including computer tapes or disks) relating thereto; and the containers in which the same are held or transported in the possession or under the control of Rongpeng, employing whatever reasonable force is necessary under the circumstances to carry out the seizure, including that necessary to enter premises owned, leased, or controlled by Ronpeng, and/or such other location and things to be searched where such infringing products and business records relating thereto may be found, and to inspect the contents of any rooms, vehicles, closets, cabinets, containers, cases, desks, computers, databases, and software or documents located in the areas and under the control of Rongpeng.

IT IS FURTHER ORDERED THAT to enforce compliance with this Order, the attorneys for SATA or their designee shall accompany the Marshal and those persons working under counsel for SATA's supervision, and the Marshal shall inventory items so seized. Such items shall be in the constructive possession of the Marshal although they shall be released to the custody of the

attorneys for SATA or storage at location(s) to be designated by the attorneys for SATA. All products, means of making such products, and other items seized shall be appropriately tagged to permit identification. Rongpeng shall be given a receipt therefore. Such products seized shall be made available for inventory or inspection by any party or its counsel during normal business hours.

IT IS FURTHER ORDERED THAT anyone interfering with the execution of this Order is subject to arrest by the Marshal or his representative.

IT IS FURTHER ORDERED THAT counsel for SATA, on whose behalf the Court issues this Order, will act as a substitute custodian of any and all property seized pursuant to this Order and shall hold harmless the Marshal from any and all claims asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendant's property, including any third-party claims.

IT IS FURTHER ORDERED THAT SATA shall be responsible to the Marshal for all of its fees and charges, including all extraordinary expenses and overtime pay incurred in carrying out this Order.

IT IS FURTHER ORDERED THAT Rongpeng, its agents, servants, employees, officers, attorneys, successors, and assigns, and all persons, firms, and corporations acting in concert or participation with Rongpeng shall give to the Marshall or other law enforcement officers correct names, residential and business addresses, and phone numbers for all individuals in any way involved in the acts alleged above; and locations and places where the infringing items are or have been stored.

IT IS FURTHER ORDERED THAT, when executing the seizure and impoundment provisions of this Order, the Marshal shall serve only a copy of this Order, the Summons and Complaint, by leaving them at the usual place of business of Rongpeng, or of any agent of Rongpeng, or at the place where infringing products are found, with any person of suitable age and discretion, and that such service shall be deemed adequate and proper to give notice to Rongpeng of the terms of this Order and of the hearing on SATA's Motion for Preliminary

Injunction, SATA shall promptly provide copies of all documents filed in support of this Order to any party or its attorney of record requesting such documents.

**IT IS SO ORDERED.**

**DATED** this __1__ day of November, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

Submitted by:
DICKINSON WRIGHT PLLC

/s/ Steven A. Caloiaro
STEVEN A. CALOIARO
Nevada Bar No. 12344
BROOKS T. WESTERGARD
Nevada Bar No. 14300
scaloiaro@dickinsonwright.com
bwestergard@dickinsonwright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel.: (775) 343-7500
Fax: (844) 670-6009

*Attorneys for Plaintiff*
*SATA GmbH & Co. KG*